Thomas L. J. Corcoran, J.
This is an application for a stay of arbitration.
The petitioner corporation has a contract with the respondent union, which is bargaining agent of certain of the petitioner’s employees. The contract provides that respondent union is recognized as the sole and exclusive bargaining agent for certain groups, including “ Service Department Employees. ’.’
At the time this contract was made, the company did not have electric typewriters on the market. They have since been sold and require servicing. The contract between the petitioner and the respondent does not specifically describe servicemen on electric typewriters.
The petitioner took the position that such servicemen come within the general classification of “ Service Department Employees.” The respondent union has argued that these servicemen require a separate classification and it has demanded arbitration of the question “ Whether Appendix B, Section 21. A.l. of the contract should be interpreted as covering Service Department Mechanical Employees working on the Electric Typewriter.” The petitioner now moves to stay arbitration on the ground that there is no arbitrable issue.
*161 The arbitration provisions in the contract are as follows:
“ D. In the event that a grievance is not settled under the procedure provided above, either party may then request that it be determined in the following manner:
“ The Company and the Union shall each select one member of an Arbitration Board. The two members thus chosen shall select a third who shall act as Chairman. In the event that the two members cannot agree upon a third member within five days from their appointment, such member shall be appointed by the Federal Mediation and Conciliation Service. A decision by the majority of the Board shall be final and binding. The expense of the impartial Chairman shall be borne equally by the Union and the Company.
“ The decision in arbitration shall be rendered in writing-stating the reasons for the interpretation of the agreement and its application to the particular case, but the Board shall have no authority to add to, enlarge upon, subtract from or in any way modify the terms of the agreement or make any recommendations relative thereto.
“ It is understood and agreed that questions involving changes in the terms and provisions of this agreement or the terms and provisions to be included in any subsequent agreement, the scope of the bargaining- unit, the Company’s management functions and a general wage increase are specifically excluded from the grievance procedure or arbitration thereunder.”
The petitioner corporation maintains that all service department mechanical employees are covered by the provisions of the agreement. It claims that the union is attempting* to arbitrate a question which will involve adding to, or modifying the agreement, or passing upon the scope of the bargaining unit. The petitioner states that these questions are expressly excluded from arbitration by the contract.
The only issue before the court, however, is whether the union’s stated question in controversy calls for an interpretation or application of any provision of the agreement. The court should not interpret whether the contract covers servicemen working on electric typewriters. That should be left to the arbitration board. There is an arbitrable issue. The petition for a stay of arbitration is denied.