[Civ. No. 19437.   Second Dist., Div. Two.   Oct. 9, 1953.]

MAX KRUG, Appellant, v. REPUBLIC PICTURES CORPORATION, Respondent.

Bodle & Landye, George E. Bodle and Alex D. Fred for Appellant.

Loeb & Loeb, Harry B. Swerdlow and Frederick M. Nicholas for Respondent.

FOX, J.—Petitioner, acting in a representative capacity for Local 174 of the Office Employees International Union, A. F. of L., seeks to compel arbitration of a dispute under

the terms of a collective bargaining agreement between the Union and Republic Pictures.

On July 5, 1951, the union entered into a collective bargaining agreement with Republic covering a two-year period from April 21, 1951. This agreement, however, was extended for an additional two years. The agreement covers all office employees of the Los Angeles Exchange of respondent except certain named positions, among which is that of "Booker-Office Manager," which is here involved. This position, together with certain others, is exempt from the operation of the agreement by its express terms. The agreement provides that "all grievances and disputes arising under this agreement," which are not settled between the parties or by the grievance committee shall be settled by arbitration. Excluded, however, from the grievance and arbitration provision are "the terms of a new agreement or changes in wages, hours or working conditions." At the time this agreement was executed, and for some years prior thereto, the position of booker-office manager had been held by Carl Bryant. He severed his connection with Republic on September 28, 1951. Thereupon Wendell A. Overturf was promoted to the position. Soon thereafter petitioner demanded that Overturf desist and refrain from performing the duties of booker on the ground that this was a job for which the union is the collective bargaining representative and which is covered by the collective bargaining agreement between the union and Republic. In a letter to respondent on November 10, 1951, petitioner stated "the grievance of the Union is the fact that Republic . . . is directing and having an employee in an exempt position perform work covered by the existing agreement in violation thereof." Upon respondent's refusal to accede to petitioner's request the latter demanded that the matter be arbitrated. Respondent declined to arbitrate on the ground that the position of booker-office manager was exempt from the provision of the agreement and that Mr. Overturf was performing the duties previously performed by Mr. Bryant. Thereupon petitioner filed his petition to compel arbitration. He also filed an affidavit in which he states that he is now and has been the business representative of the union since approximately January, 1946; that the duties of booker-office manager were exempt from the bargaining unit and from the agreement because of the supervisory nature of the duties of this job which excluded the performance of any of the duties of the job title "booker," which job is covered under the col-

lective bargaining agreement; that, in fact, the position of booker-office manager since 1946, up to and approximately September, 1951, was held by one Carl Bryant, and during this period Carl Bryant did not perform the duties of booker with the knowledge and consent of the union "nor the undersigned, except during periods of emergency when employees covered under the collective bargaining agreement were unavailable to perform the work of booker, and it was necessary to maintain the flow of business of the company during these periods." He stated also that if Bryant had performed the duties of booker at other times the same were performed sub rosa and without his knowledge or consent or that of the union. Jack Dowd, who since January 1, 1951, had been branch manager in charge of distribution of motion pictures by respondent in its Los Angeles Film Exchange, filed an affidavit in opposition in which he stated, "The duties of this booker-office manager have always involved two matters: (a) the miscellaneous duties of supervising the several employees of the film exchange and handling the mail; and (b) the booking of film for exhibition." He also stated that the "type of duties performed by Mr. Overturf and the conditions of his employment are identical with those previously affecting Mr. Bryant," and that the nature of both Mr. Bryant's and Mr. Overturf's duties have always been made known to representatives of the union.

The trial court denied petitioner any relief. In this the court was in error.

This petition is brought under section 1282 of the Code of Civil Procedure, which provides that the court, "upon being satisfied that the making of the agreement or such failure to comply therewith is not in issue, shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." There is no dispute as to the making of the agreement or the refusal to arbitrate. The court found that the "position of booker-office manager is exempt from the scope of the collective bargaining agreement" and that "arbitration concerning this position is not required under the terms of said . . . agreement." The court thereupon concluded: "Petitioner may not require respondent to arbitrate matters concerning the position of booker-office manager, a position specifically exempt from the scope of the collective bargaining agreement between the parties." It is apparent from the foregoing finding and conclusion that the court misconceived the question at issue. The

position of booker-office manager was expressly exempt from the collective bargaining agreement and there was no claim to the contrary. The problem at issue was whether or not the person who occupies this exempt position was entitled to perform the duties of a booker. As previously noted, the exempt position is designated as ''booker-office manager.'' However, the scope of the duties of that position are neither defined nor described. In this connection it should be pointed out that such job titles as apprentice booker, booker, and head booker are included within the coverage of the agreement, but there is no description or enumeration of the respective duties of these job classifications. Thus there is neither a definition nor a description in the agreement of the duties appertaining to the exempt position nor to the job title of booker. Hence we have petitioner asserting in his affidavit that the job duties of booker-office manager ''excluded the performance of any of the duties of the job title of 'booker' '' and that Bryant, who had formerly held this exempt position, had not performed the duties of the job title of booker except during periods of emergency when employees covered under the collective bargaining agreement were unavailable for such work, unless such services had been performed by him surreptitiously, without petitioner's knowledge as business agent or the knowledge of the union. On the other hand, Mr. Dowd, who had served as branch manager of respondent's local film exchange during the last nine months of Bryant's service, asserted in his affidavit that the booking of films for exhibition was part of the duty of this exempt position; that the duties performed by Overturf were identical with those previously performed by Bryant, and that the duties of both these employees had always been made known to the representatives of the union.

There is thus clearly presented an issue of fact as to whether the person holding the exempt position of booker-office manager was entitled, under the agreement, to regularly perform the duties of booker, or whether he was entitled to perform such duties only during emergencies. The provision of the agreement that ''all grievances and disputes arising under the terms of this agreement'' shall be arbitrated is obviously sufficiently broad to cover the dispute here involved. (*Lipman* v. *Haeuser Shellac Co.*, 289 N.Y. 76 [43 N.E.2d 817, 819, 142 A.L.R. 1088]). It was therefore the clear duty of respondent, under the agreement, to arbitrate this matter, and having refused to do so, the court should have made ''an

order directing the parties to proceed to arbitration in accordance with the terms of the agreement." (Code Civ. Proc., § 1282; *Myers* v. *Richfield Oil Corp.,* 98 Cal.App.2d 667, 671 [220 P.2d 973]; *Utah Const. Co.* v. *Western Pac. Ry. Co.,* 174 Cal. 156, 159 [162 P. 631]; *Royal Typewriter Co.* v. *Mechanical & Elec. Workers Union,* 104 N.Y.S.2d 332.)

There is no merit in respondent's contention that the dispute between the parties concerned matters outside the scope of the collective bargaining agreement and the arbitration provision thereof. Respondent argues that petitioner "is seeking to arbitrate with reference to a job category specifically exempt from the provisions of the collective bargaining agreement and at the same time thereby through arbitration is seeking to effect a change in working conditions contrary to the terms of the collective bargaining agreement." Respondent is in error in both these respects. Petitioner is not seeking arbitration as to whether the position of booker-office manager is exempt from the provisions of the agreement. Petitioner recognizes that such position is expressly exempt from its provisions. There is likewise no basis for the suggestion that petitioner, through arbitration, is seeking to effect a change in working conditions contrary to the terms of the agreement. The problem here is not one of working conditions. The question is simply whether the person occupying the exempt position of booker-office manager is performing duties in violation of the collective bargaining agreement. The trial court fell into the error of attempting to decide the merits of the controversy. That was a question that must be left to the determination of the arbitration board. (Code Civ. Proc. § 1282; *Myers* v. *Richfield Oil Corp., supra; Royal Typewriter Co.* v. *Mechanical & Elec. Workers Union, supra.*)

The judgment is reversed with directions to order arbitration in accordance with the agreement of the parties.

Moore, P. J., and McComb, J., concurred.