In the Matter of the Arbitration between ROYAL McBEE CORPORATION, Respondent, and EDWIN GOUGH, as President of Local 459, Business Machine & Office Appliance Mechanics Conference Board, IUE, AFL-CIO, Appellant.

First Department, June 26, 1956.

*Everett E. Lewis* of counsel (*Melvin Warshaw* with him on the brief; *Irving Abramson,* attorney), for appellant.

*Edmund H. Kerr* of counsel (*Cleary, Gottlieb, Friendly & Hamilton,* attorneys), for respondent.

*Per Curiam.* The appellant (Labor Union) appeals from an order made at Special Term granting the application of the petitioner for a stay of arbitration.

The employer concedes that two of the three matters sought to be submitted are arbitrable disputes. The third involves the reclassification of employees assigned to install and service certain attachments to typewriters. The determination at Special Term was essentially based upon a finding that the mechanics designated by the employer to perform the work in question did not require the advanced skills which would entitle them to be " Upgraded " in accordance with the terms of the contract. The attachments in question appear to be newly acquired products of the company and are not covered by employee classifications specifically provided in the agreement now in force between the parties.

From the record, we cannot conclude that these are simple attachments whose servicing and installation require no special expertness. The exhibits indicate that the cost of the combined accessories is in excess of $100, a not inconsiderable sum when considered in relationship to the cost of the typewriter itself. The diagrams and instruction sheets issued to the mechanics detailing the various operations required to install the attachments leave some question in the mind as to whether they could be accurately followed by those without special skills.

In *Matter of Royal Typewriter Co.* (*Mechanical & Elec. Workers Union*), (2 Misc 2d 159, affd. 277 App. Div. 982) when Royal (a predecessor of the petitioner here) initially introduced

its line of electric typewriters, Special Term decided that a demand for a separate job classification based upon the claim that servicing of electric typewriters required new and additional skills presented an arbitrable issue. We neither decide nor suggest that the work with respect to the accessories involved here is similar to the work on an electric typewriter but are constrained to hold that the issues raised present an arbitrable dispute.

Under the circumstances therefore, the order should be reversed and the stay of arbitration denied.

PECK, P. J., BREITEL, FRANK and VALENTE, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellant, and petitioner's motion to stay arbitration denied.