[Civ. No. 18518.   First Dist., Div. Two.   Sept. 17, 1959.]

RETAIL CLERKS UNION, LOCAL 428, AFL-CIO, Appellant, v. L. BLOOM SONS COMPANY, INC., (a Corporation) et al., Respondents.

Garry, Dreyfus, McTernan & Keller for Appellant.

Rea, Frasse, Anastasi, Clark & Chapman for Respondents.

O'DONNELL, J. pro tem.*—This is an appeal from an order dismissing without prejudice appellant's petition under section 1282 of the Code of Civil Procedure for an order directing arbitration.

The petition alleges that appellant is a labor organization and respondent is the owner and operator of several retail shoe stores located in Santa Clara County; that appellant, as the representative of respondent's employees, entered into a collective bargaining contract with respondent establishing the wages, hours and conditions of employment of respondent's employees; and that the contract by its terms covered all persons employed by respondent within the county of Santa Clara. The petition proceeds to allege that at the time of the execution of the collective bargaining contract, respondent owned and operated three shoe stores in Santa Clara County; that thereafter respondent opened a fourth store in Valley Fair, Santa Clara County, but that respondent refused to recognize and apply the provisions of the contract to the employees working at the new Valley Fair store. The petition then alleges that a controversy exists between appellant and respondent respecting respondent's refusal to bring its Valley Fair employees within the contract; that appellant has requested respondent to arbitrate the controversy in accordance with the arbitration clause of the contract but that respondent has refused to do so. The petition closes with the prayer that respondent be directed to proceed with arbitration of the controversy.

Respondent filed an affidavit in answer to the petition in which the allegations of the petition were admitted excepting those relating to the Valley Fair store. With respect to that store the affidavit denied that respondent had any connection therewith or that any of its employees was employed there and averred that such store was wholly owned and operated by another corporation, to wit, Bloom's Salinas, Inc.

Bloom's Salinas, Inc., was not made a party to this proceeding.

The issue presented was, in the language of appellant's opening brief, this: "Did L. Bloom Sons Co. Inc. operate the new store at Valley Fair Shopping Center, as it told the public of San Jose it did, and were its employees accordingly subject to the existing collective bargaining agreement? Or, was the new store controlled by a separate corporate entity

---

*Assigned by Chairman of Judicial Council.

sufficiently independent of L. Bloom Sons Co., Inc., to remove the operation and the employees at Valley Fair from the impact of the collective bargaining agreement?" Appellant contended in the court below, and it contends here, that this issue must be determined by arbitration. The trial court concluded that this issue was one for the court's determination, but that Bloom's Salinas, Inc., would be an indispensable party to any such determination, and finally, that such determination should be made in an action for declaratory relief rather than in this proceeding under section 1282 of the Code of Civil Procedure. It thereupon, as we have already seen, dismissed this proceeding without prejudice.

We are in accord with the conclusions of the trial court.

Appellant contends that the issue must be determined by the arbitrator because it involves a controversy arising out of the contract. Were appellant and respondent the only parties interested in, and to be affected by, the determination of the issue, appellant's contention would be well founded. But the controversy involves more than that; it involves the rights and interests of Bloom's Salinas, Inc., as well. It is conceded that respondent and Bloom's Salinas, Inc., are separately incorporated. Bloom's Salinas, Inc., is not a party to the contract. It did not consent to have this issue decided by an arbitrator rather than by a court of competent jurisdiction. Appellant is, in effect, urging the patently absurd proposition that two parties can by contract effectively stipulate for the mode of determination of the rights of a third party who has not only not assented to such a mode of determination but who also is not even accorded an opportunity to participate in such determination. However, appellant maintains that Bloom's Salinas, Inc., is but the *alter ego* of respondent, that it has no identity apart from respondent, and that therefore the contract of respondent is, in reality, also the contract of Bloom's Salinas, Inc. Appellant begs the question. It must first be determined whether Bloom's Salinas, Inc., is in fact but the *alter ego* of respondent. ■ A corporation's separate identity will be disregarded only when, and to the extent that, it is necessary so to do in order to prevent fraud or injustice. (*Stark* v. *Coker*, 20 Cal.2d 839 [129 P.2d 390] ; *Hollywood Cleaning & P. Co.* v. *Hollywood L. Service*, 217 Cal. 124 [17 P.2d 709] ; *Continental Securities etc. Co.* v. *Rawson*, 208 Cal. 228 [280 P. 954].) The proper forum for that determination is, of course, a court of law.

The case of *Krug* v. *Republic Pictures Corp.*, 120 Cal.App. 2d 593 [261 P.2d 562], cited by appellant, is not at all in point. The rights of persons not parties to the collective bargaining agreement were in no way involved. The court in that case said (p. 597) : "The question is simply whether the person occupying the exempt position of booker-office manager is performing duties in violation of the collective bargaining agreement. . . . That was a question that must be left to the determination of the arbitration board." *Myers* v. *Richfield Oil Corp.*, 98 Cal.App.2d 667 [220 P.2d 973], also cited by appellant, is equally inapposite. In that case it was simply held that the arbitration clause in the collective bargaining agreement was sufficiently broad to include the settlement of a controversy relating to the seniority status of an employee. Appellant finally cites *National Labor Relations Board* v. *Hopwood R. Co.*, 98 F.2d 97. Rather than supporting appellant's position that case opposes it. There, two corporations, to wit, Hopwood R. Company and Monarch Company, were involved in a proceeding before the National Labor Relations Board. Monarch Company was not properly served with process in the proceeding but the board nonetheless directed an order against both corporations on the basis that Monarch was but the *alter ego* of Hopwood. On appeal the circuit court vacated the order of the board insofar as it related to Monarch, saying that Monarch "was entitled to a full fair trial consistent with procedure provided for by the provision of the act and the rules of the Board." (P. 102.)

The order is affirmed.

Dooling, Acting P. J., and Draper, J., concurred.