**276**

**LOCAL 464, AMERICAN BAKERY AND CONFECTIONERY WORKERS INTERNATIONAL UNION, AFL-CIO**

v.

**HERSHEY CHOCOLATE CORPORATION.**

Civ. A. No. 9687.

United States District Court
M. D. Pennsylvania.

April 13, 1967.

Harold Tull, Harrisburg, Pa., Meranze, Katz, Spear & Bielitsky, Philadelphia, Pa., for plaintiff.

McNees, Wallace & Nurick, Harrisburg, Pa., for defendant.

MEMORANDUM

FOLLMER, District Judge.

Plaintiff (Union) commenced an action against defendant (employer) to compel arbitration. The complaint alleges that this Court has jurisdiction by virtue of Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185.

Defendant filed an answer to the complaint denying the existence of an arbitrable dispute within the meaning of paragraph 9 of its agreement with the Union, and plaintiff has moved for judgment on the pleadings.

The pertinent facts which are not in dispute as evidenced by the pleadings may be summarized briefly as follows:

Plaintiff is an unincorporated labor organization maintaining an office at Hershey, Pennsylvania. Plaintiff is the recognized collective bargaining agent for certain employees of defendant at its Hershey, Pennsylvania, plant and is a party to a collective bargaining agreement with defendant covering such employees. The term of this agreement was from April 14, 1964, through December 31, 1966.

On July 2, 1963, nine months prior to the execution of the aforesaid collective bargaining agreement, Hershey purchased the assets of H. B. Reese Candy Company, Inc., also located at Hershey, Pennsylvania.

The complaint further alleges that over the past months, the production and shipping operations of the wholly owned subsidiary known as Reese Candy Company have been increasingly integrated with the existing Hershey operations and that such integration has reached a point as of the present time in which factually the Reese operations and Hershey have been merged into the definition of the obligation under the

recognition clause of Exhibit "A" (collective bargaining agreement), all of which defendant denies. Defendant has rejected plaintiff's demand to accord recognition and coverage of Exhibit "A" to the activities and employees of Reese and has further rejected plaintiff's request to proceed to arbitration on the question of whether or not defendant was contractually obligated to apply the recognition clause and the balance of the collective bargaining agreement to the employees and operations of Reese Candy Company.

Defendant states, and plaintiff does not deny, that plaintiff has been engaged in a prolonged organizational campaign at the Reese plant, which campaign resulted in an overwhelming defeat by the Reese employees in a representational election held August 19, 1966.

In United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960), one of the historic cases in the series known as the "Steelworkers Trilogy", the Court said:

> "The Congress, however, has by § 301 of the Labor Management Relations Act, assigned the courts the duty of determining whether the reluctant party has breached his promise to arbitrate. For arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit. * * *"

See also, John Wiley & Sons, Inc., v. Livingston, 376 U.S. 543, 547, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964).

In paragraph 12 of the complaint, plaintiff alleges that "Article IX of the collective bargaining agreement sets forth the grievance and arbitration procedure." In paragraph 13 of the complaint, plaintiff alleges that "a dispute exists within the scope of the grievance and arbitration procedure." This, as above indicated, is the point here at issue.

[1, 2] Paragraph 9 of the collective bargaining agreement provides:

*"9. GRIEVANCE PROCEDURE*

"(a) Any matters which an employee may desire to discuss and adjust with the Employer shall be handled as follows:"

Then follows a detailed procedure for the settlement of employer-employee disputes including arbitration. It is perfectly obvious that the phrase "any matters" is subject to the good faith limitation that the "matters" in question be related to the employer-employee relationship as that relationship is set forth in the aforementioned bargaining agreement since (1) the clause only refers to the employee and the employer and (2) the conjunctive is used to join "discuss" and "adjust," thus implying that the matter must be within the employer's power to correct. Here, the plaintiff seeks to include within the ambit of the agreement another corporation and another set of employees and have this other corporation and other employees, who, incidentally, within the past year voted not to be represented by this very Union, covered by the Hershey contract. By no stretch of imagination could this be found to contain something that a Hershey employee may in good faith ask the employer to "discuss and adjust." It is completely outside of the employer-employee relationship which paragraph 9 was designed to protect.

The contract does contemplate certain matters only indirectly affecting the employer-employee relationship in paragraph 3, "No Coercion By Union," and in paragraph 6(b), dispute as to Union membership, in both of which grievance procedure and arbitration are provided for.

It must be remembered here that Reese was acquired by Hershey nine months prior to the execution of the collective bargaining agreement. Had the parties intended that the relationship between Hershey and Reese was to be the subject of the contractual grievance procedure between Hershey and the Union they would have expressly so stated as

they did in the matters above referred to as appearing in paragraphs 3 and 6 (b).

The present Union contention involves a matter wholly beyond the employer-employee relationship and consequently does not come within the classes contemplated by the contract.

It is well settled that in determining whether or not the parties to a bargaining agreement intended that a particular issue be arbitrable, the Court may consider the past practice of the parties and prior bargaining history. Independent Petroleum Workers of America, Inc., v. American Oil Company, 324 F.2d 903, 904 (7th Cir. 1963); General Teamsters, Chauffeurs and Helpers Union v. Blue Cab Company, Inc., 353 F.2d 687, 690 (7th Cir. 1965). Defendant should not be deprived of the right to show the past practices and bargaining history.

In Strauss v. Silvercup Bakers, Inc., 353 F.2d 555, 558 (2nd Cir. 1965), the Court reversed an order entered below compelling arbitration and said, inter alia:

"But the mere fact that neither of two proffered interpretations of an exclusionary clause, one of which would permit arbitration, the other of which would prevent it, is frivolous or unreasonable on its face, does not mean, as the trial court apparently believed, that the court must order the parties to proceed to arbitration. We believe that the trial court should have accepted proffered proof relevant to the intentions of the parties at the time they drafted their agreement. The duty to arbitrate being contractual in origin, the court must make an effort to construe the extent of that contractual duty, rather than force arbitration even of arbitrability upon parties who did not bind themselves to such a submission. Further inquiry may well enable the trial court to say with 'positive assurance' that the exclusionary clause covers this dispute, so that the request for an order compelling arbitration should be denied. * * *"

See also, Flintkote Company v. Textile Workers Union of America, 243 F.Supp. 205 (D.N.J.1965).

The issue which the Union wants to arbitrate does not involve the employer-employee relationship at defendant's Hershey plant, nor does it involve an interpretation or application of the collective bargaining agreement between the Union and Hershey, it seeks to encompass the relationship between Hershey and Reese. See also two recent California cases, Retail Clerks Union Local 428 v. L. Bloom Sons Company, Inc., 173 Cal.App.2d 701, 344 P.2d 51; and Retail Clerks Local 770 v. Thriftimart, Inc., 59 Cal.2d 421, 380 P.2d 652 (1963). Both of these cases are similar to the instant case and in both the Court held that the proper forum for determination of the issue was the Court and not an arbitration.

In Wiley, supra, the Union entered into a collective bargaining agreement with Interscience Publishers, Inc., a small publishing firm. The agreement contained an arbitration clause. During the term of this agreement, Interscience merged with John Wiley & Sons, Inc., a much larger publishing house, and ceased to do business as a corporate entity. Wiley had no agreement with the Union. The Court said, inter alia (376 U.S. at 546–547, 84 S.Ct. at 912):

"The threshold question in this controversy is who shall decide whether the arbitration provisions of the collective bargaining agreement survived the Wiley-Interscience merger, so as to be operative against Wiley. Both parties urge that this question is for the courts. Past cases leave no doubt that this is correct. 'Under our decisions, whether or not the company was bound to arbitrate, as well as what issues it must arbitrate, is a matter to be determined by the Court on the basis of the contract entered into by the parties.' * * * The duty to arbitrate being of contractual origin, a compulsory submission to ar-

bitration cannot precede judicial determination that the collective bargaining agreement does in fact create such a duty. Thus, just as an employer has no obligation to arbitrate issues which it has not agreed to arbitrate, so *a fortiori*, it cannot be compelled to arbitrate if an arbitration clause does not bind it at all."

In line with the Wiley case, it is perfectly clear that the question of whether the acquisition of the Reese assets by Hershey resulted in an assumption by Reese of the Hershey collective bargaining agreement must be decided by the Court on the basis of a factual determination, it is not a question that can be determined on the pleading.

Arbitration, when properly invoked, needs no defense. This is not such a situation. Here the Union is not seeking arbitration to resolve an industrial dispute but rather to promote its own interests. It is here attempting to do indirectly what the vote of the Reese employees prevented it from doing directly.

Motion of plaintiff for judgment on the pleadings will be denied.