[Civ. No. 62258. Second Dist., Div. Five. Dec. 7, 1981.]

SOUTHERN CALIFORNIA PIPE TRADES DISTRICT COUNCIL
NO. 16, AFL-CIO, Plaintiff and Respondent, v.
KENNETH B. MERRITT, Defendant and Appellant.

532

**COUNSEL**

Clark D. Nicholas for Defendant and Appellant.

Davis, Frommer & Jesinger and Shelley F. Palm for Plaintiff and Respondent.

OPINION

ASHBY, J.—Defendant and appellant Kenneth B. Merritt appeals from a judgment confirming an arbitration award. (Code Civ. Proc., §§ 1287.4, 1294, subd. (d).) Appellant contends that the arbitration award was not against appellant individually, but against a corporation, Slopes, Inc., of which appellant was an officer, and that therefore the trial court erred in rendering a judgment against appellant individually.

Plaintiff and respondent Southern California Pipe Trades District Council No. 16, AFL-CIO, is the exclusive bargaining representative for a number of local unions. On July 1, 1977, it entered into a written collective bargaining agreement with Slopes, Inc., a corporation engaged in contract plumbing, landscaping, and sewer work. The agreement was signed by appellant Merritt as an officer of the firm. The agreement incorporated the provisions of a printed master agreement between respondent and the California Landscape and Irrigation Council, Inc. (CLIC), including provisions for the payment by employers of contributions to the Southern California Pipe Trades trust funds on account of employee fringe benefits, and grievance and arbitration procedures.

On March 2, 1978, a grievance was filed against Slopes, Inc., alleging that "Contractor has failed to make monthly fringe benefits reports since September 1977." This led to a hearing before the joint arbitration board on June 22, 1978, at which the employer failed to appear. An arbitration award was rendered September 27, 1978, ordering the employer to pay within 10 days $2,294.21 to the Southern California Pipe Trades trust fund.

On March 8, 1979, respondent filed in the superior court its "Petition to Confirm Arbitration Award." (Code Civ. Proc., § 1285 et seq.) The petition was filed against both Slopes, Inc., and appellant, and it alleged that appellant had gained dominion and control of the corporation and had so conducted the business of the corporation as his alter ego that the fiction of the corporation's separate existence should be disregarded.

Appellant submitted declarations, exhibits, and points and authorities in opposition to the petition, contending (1) he did not sign the collective bargaining agreement as an individual, and it was expressly understood at the time of the signing that he would not be personally liable for the corporation's obligations; (2) he had no control over the

corporation, which was controlled at all times by John Sherin; (3) appellant was not a party to the arbitration; he received no notice that the arbitration was against him in his personal capacity or that he should attend the hearing; he received notices of the hearing but forwarded them to John Sherin, who told him that he, Sherin, would attend the hearing; (4) appellant subsequently divorced himself from the corporation and refused to accept any service for the corporation; (5) since appellant had no notice that personal liability was sought at the arbitration hearing and the arbitrator did not rule on the question of alter ego, the award could not be confirmed against appellant.

Respondent filed exhibits and points and authorities contending (1) that appellant signed the collective bargaining agreement as an individual and was personally liable for the performance of the obligations therein;[1] (2) that appellant was named individually in the notice of arbitration hearing and in the arbitration award; (3) that appellant was properly served with notice of the award and he failed thereafter to move to vacate the award in a timely manner or to file his response to the petition in a timely manner.

---

[1] Although the petition *alleged* a number of factors in support of applying the alter ego doctrine, the only showing subsequently made by respondents was that (1) the signature page of the July 1, 1977, agreement contained the following:

**Section XXV**

**SIGNATURES**

This Agreement shall be deemed executed when the parties signing shall have affixed their signatures hereto.

IN WITNESS WHEREOF, the parties hereto have hereunto set their hands and seals this __1__ day of __July__, 19__77__.

EMPLOYER SIGNATURES

By_____
Responsible Party of Firm

By__Secretary_Treasure_____
Title

---

CONTRACTOR REQUIREMENTS AND INFORMATION

Employer Firm Name ____SLOPES_INC._____

Firm Address: Street ____1715_Newport_Cr._E._____

City ___Santa_Ana____ State __California____ Zip Code __92705__

Firm Phone No. 714-957-1207____ State License No. B265191__+_C-27_Supplement____

State License Bond Carrier __Fremont_Indemity_____

Workmen's Compensation Insurance Carrier __Farmers·Ins._____

Is Firm incorporated?  YES [X]  NO [ ]

Names of all Owners of Firm holding a financial interest.        % Ownership

1. __Ken_Merritt_____        25

2. __John_Sherin_____        75

The trial court confirmed the arbitration award and rendered judgment against Slopes, Inc., and appellant for $2,294.21 plus interest, costs, and attorney's fees. In its findings of facts and conclusions of law, the trial court found (Merritt and Slopes, Inc., were called respondents in the trial court proceedings): "Respondent" Kenneth B. Merritt was "an owner and/or alter ego of Slopes, Inc."; "respondent" entered into the collective bargaining agreement; proper notice of all proceedings has been given; no less than 100 days expired since service of the award on "Respondents Slopes, Inc. and Kenneth B. Merritt and the filing of this Petition."

## DISCUSSION

In our opinion the crucial issue in this case is whether the arbitration proceeding was against appellant as an individual or whether appellant had adequate notice that it was. We hold that the record is insufficient to show that appellant was a party to the arbitration. We further conclude that in the circumstances of this case it was error to render a judgment against appellant under the summary procedures for confirming an arbitration award rendered against Slopes, Inc. (Code Civ. Proc., §§ 1287.4, 1290.2.)

In *Motores De Mexicali* v. *Superior Court* (1958) 51 Cal.2d 172 [331 P.2d 1], a judgment on a debt was rendered by default against a corporation, Erbel, Inc. The plaintiff thereafter filed a petition for an order to show cause why the judgment should not be "corrected" to add as judgment debtors the names of three individuals, Resnick and the Cowans, who allegedly operated the corporation as their alter ego. The Supreme Court held such a procedure would deprive Resnick and the

---

3. _____

4. _____

5. _____

6. RME or RMO (if any) __K. Merritt_____

UNION AGENT WITNESS _____ Local Union No. 345

PIPE TRADES DISTRICT COUNCIL NO. 16 SIGNATURES

By _____
        President

By _____
        Secretary

---

(2) the contractor's license number was appellant's, because Slopes, Inc., did not have one; and (3) the bond referred to was appellant's, because Slopes, Inc., did not have one.

Cowans of due process of law. "To summarily add Resnick and the Cowans to the judgment heretofore running only against Erbel, Inc., without allowing them to litigate any questions beyond their relation to the allegedly *alter ego* corporation would patently violate this constitutional safeguard. Nor is this difficulty overcome by the suggestion that Resnick and the Cowans should have intervened in the action brought solely against Erbel, Inc., if they desired to assert any personal defenses against the drafts. They were under no duty to appear and defend personally in that action, since no claim had been made against them personally. We therefore conclude that the respondent court properly declined to proceed further on the petition filed in that court." (*Id.*, at p. 176; italics in original.)

The reasoning of *Motores De Mexicali* has been applied in the arbitration context in several cases concluding that an arbitration award against one party is not binding upon another person who was not party to the arbitration. ■ A court might, in advance of the arbitration, determine that a person operates the corporation as his alter ego, and then compel that person to defend the arbitration in his individual capacity. (See *Unimart* v. *Superior Court* (1969) 1 Cal.App.3d 1039, 1042, 1047 [82 Cal.Rptr. 249]; *Retail Clerks Union* v. *L. Bloom Sons Co.* (1959) 173 Cal.App.2d 701, 703 [344 P.2d 51].) However, once the arbitration goes to hearing against only the corporate defendant, the other person not made a party to the arbitration is not bound by it in the absence of special circumstances, for example, that he controlled the prior litigation. (*Retail Clerks Union* v. *Thriftimart, Inc.* (1963) 59 Cal.2d 421, 422, 426-427 [30 Cal.Rptr. 12, 380 P.2d 652]; *Marcus* v. *Superior Court* (1977) 75 Cal.App.3d 204, 210-211 & fn. 3 [141 Cal.Rptr. 890].)

Turning to the facts of the instant case, the grievance form which initiated the action states:

"Charges against Slopes Inc.
"Street Address 1715 Newport Circle E. City Santa Ana, Ca 92705
"Responsible Party John Sherin" The address is the address given for the corporation on the signature page of the collective bargaining agreement.

Two subsequent notices from the joint arbitration board are included in the record. The first is a letter dated March 17, 1978. It states:

"Mr. Ken Merritt
Slopes Inc.
1715 Newport Cr. E.
Santa Ana, CA 92705

"Re.: Case No. 18-8
Slopes Inc.
Local 345

"Gentlemen:

"Please be advised that at the hearing held on March 16, 1978 the CLIC Subcommittee made the following decision regarding your case.

"Your firm failed to have a representative present after proper and timely notice. Mr. Richard Orr appeared on behalf of Local Union 345.

"Your firm has been found in violation of not submitting fringe contributions on behalf of the employees.

"Slopes Inc. must submit to an audit of payroll records by the Southern California Pipe Trades Trust Fund covering the period of July 1, 1977 through March 1978.

"Upon completion of audit, grievance to be continued at a later date. If any discrepancies are found cost of audit to be borne by Slopes Inc.

"This decision must be complied with no later than ten (10) days after receipt of notice.

"Respectfully submitted

[Signed] Charles Johnson
"Charles Johnson
"Employer Representative

[Signed] George Battany
"George Battany
"Union Representative

"GB:ep
"opeiu/30
"cc: Local 345 (Orr)"

Although Ken Merritt is mentioned in the address, there is no indication that personal liability independent of Slopes, Inc., is sought. The title of the case is indicated as Slopes, Inc. The text of the letter refers simply to "Your firm," except where it specifically indicates that Slopes, Inc., must submit to an audit.

Next is a letter dated June 9, 1978, giving notice of a continuance of the hearing before the joint board to June 22, 1978. It is likewise addressed:

"Mr. Ken Merritt
"Slopes Inc.
"1715 Newport Cr. E.
"Santa Ana, CA. 92705"

and refers to the case as "Case No. 18-8 [¶] *Slopes Inc. - Trust Fund.*" It states in part, "Your failure to appear can result in the grievance being heard in absentia."

Finally, the arbitration award itself bears the caption:

"In the Matter of )
)
"KENNETH B. MERRITT ) ARBITRATION AWARD
"SLOPES, INC., )
) CASE NO. 18-8
"Employer." )

The text of the award refers only to "The Employer...."

Service of the arbitration award by certified mail, return receipt requested, addressed:

"Kenneth B. Merritt
"Slopes Inc.
"1750 Newport Cr. E
"Santa Ana, California 92705"

was returned "Refused" on October 16, 1978.

Appellant was personally served with the instant petition on November 25, *1979*, at an address in Costa Mesa, California.

■ We agree with appellant that this record is insufficient to show that appellant was a party to the arbitration or had notice that an award against him personally was being sought. It is not clear from this evidence how appellant's name began appearing as one of the addressees in correspondence from the joint arbitration board or in the caption of the award. There is nothing to indicate that the notices were sent to appellant other than as a person authorized to accept service or notice on behalf of the corporation. Appellant declared that he forwarded such notices to John Sherin, who controlled the corporation. The record does not show that appellant had any notice or reason to appear and defend personally.[2]

In light of this conclusion, and the reasoning of *Motores De Mexicali v. Superior Court, supra*, 51 Cal.2d 172, appellant could not be added as a party under the summary procedure for confirming the arbitration award. Respondent's proper remedy is a separate action against appellant on the corporate alter ego theory. Although Code of Civil Procedure sections 1285 and 1287.2 indicate that in certain circumstances a person who was not a party to the arbitration may be bound by the arbitration award,[3] these provisions must be applied in a manner consistent with due process of law. (Comment, *Some Problems Relating to Enforcement of Arbitration Awards Under the New California*

[2]Cf. Code of Civil Procedure section 412.30, which provides: "In an action against a corporation or an unincorporated association (including a partnership), the copy of the summons that is served shall contain a notice stating in substance: 'To the person served: You are hereby served in the within action (or special proceeding) on behalf of (here state the name of the corporation or the unincorporated association) as a person upon whom a copy of the summons and of the complaint may be delivered to effect service on said party under the provisions of (here state appropriate provisions of Chapter 4 (commencing with Section 413.10) of the Code of Civil Procedure).' *If service is also made on such person as an individual, the notice shall also indicate that service is being made on such person as an individual as well as on behalf of the corporation or the unincorporated association.* [¶] If such notice does not appear on the copy of the summons served, no default may be taken against such corporation or unincorporated association or against such person individually, as the case may be." (Italics added.)

[3]Section 1285 provides in pertinent part: "The petition shall name as respondents all parties to the arbitration and may name as respondents any other persons bound by the arbitration award." Section 1287.2 provides: "The court shall dismiss the proceeding under this chapter as to any person named as a respondent if the court determines that such person was not bound by the arbitration award and was not a party to the arbitration."

*Arbitration Act* (1962) 9 UCLA L.Rev. 422, 426-427; Feldman, *Arbitration Modernized—The New California Arbitration Act* (1961) 34 So.Cal.L.Rev. 413, 421, fn. 30.) Perhaps these provisions refer to the situation where the person sought to be held, although not technically a party to the arbitration, nevertheless controlled the prior litigation. (See *Motores De Mexicali* v. *Superior Court, supra,* 51 Cal.2d at pp. 175-176; *Minton* v. *Cavaney* (1961) 56 Cal.2d 576, 681 [15 Cal.Rptr. 641, 364 P.2d 473]; *Alexander* v. *Abbey of the Chimes* (1980) 104 Cal. App.3d 39, 45-46 [163 Cal.Rptr. 377]. However, this is not such a case. Here, as in *Motores De Mexicali,* appellant did not appear at·and control the arbitration, but rather the hearing went against the corporation by default.

As an alternative ground to uphold the judgment, respondent contends that appellant did not file his response within the time limits required by Code of Civil Procedure sections 1288.2 and 1290.6. Respondent's original "Petition to Confirm Arbitration Award" was filed on March 8, 1979, but the petition was not personally served on appellant in Costa Mesa until November 25, 1979. Respondent gave notice of motion for an order confirming the award, setting the hearing for January 29, 1980. Appellant filed a verified response and declaration in opposition to the motion on January 29, 1980.

Section 1290.6 requires a response to be served and filed within 10 days after service of the petition, unless the time is extended by an agreement in writing between the parties or by order of the court for good cause. We note that the trial court's findings of facts and conclusions of law do not rely upon section 1290.6. We also note that respondent had previously filed a "Notice of Motion ... to Confirm Arbitration Award" in October 1979, which was taken off calendar for lack of personal service on appellant, reset for December 14, 1979, granted on December 14 by default, and subsequently vacated by stipulation. Finally the notice of motion was set again for January 29, 1980. Under all the circumstances we agree with appellant that respondent impliedly agreed in writing to extend the time for appellant to respond.

█ Respondent's main reliance, however, is on Code of Civil Procedure section 1288.2 which requires that a response requesting that an award be vacated or corrected shall be served and filed not later than 100 days after service of the award. Service of the award in this case was attempted on October 16, 1978, by certified mail addressed:

"Kenneth B. Merritt
"Slopes Inc.
"1750 Newport Cr. E
"Santa Ana, California 92705"

which was returned marked "Refused." Respondent points out that the collective bargaining agreement provides that notice of the decision of the joint arbitration board or subcommittee shall be deemed to have been properly served upon the party cited if sent by certified mail, return receipt requested, at said person's last known address appearing at the end of the collective bargaining agreement or as contained on the contractor roster of CLIC, and that the parties "hereby waive any claim that they were not served properly if service as above set forth was made as set forth in this Section." Obviously, January 29, 1980, was much more than 100 days after service by this method on October 16, 1978, and the trial court so found.

However, in light of our conclusion above that appellant was not a party to the arbitration and had no notice that it was sought against him in an individual capacity, it would be fundamentally unfair to conclude that service on the corporation in the manner provided in the collective bargaining agreement was service on appellant. (See Comment, *supra*, 9 UCLA L.Rev. 422, 427.) Good grounds were established to relieve appellant from his failure to file a response within 100 days of service of the award. (See *DeMello* v. *Souza* (1973) 36 Cal.App.3d 79, 85 [111 Cal.Rptr. 274].)

■ Finally, appellant contends that in the event we reverse the judgment appellant will be entitled to attorney's fees. This contention is correct. The judgment below awarded attorney's fees to respondents, because the arbitration award, which in turn was based upon the collective bargaining agreement, provided that in the event litigation was necessary to enforce the award the employer must pay reasonable attorney's fees.

Since respondents would have been entitled to attorney's fees had they been successful on this appeal in enforcing the arbitration award against appellant, fairness requires that appellant, whether or not he be considered a party individually to the collective bargaining agreement, likewise be entitled to attorney's fees on reversal. (*Reynolds Metals Co.* v. *Alperson* (1979) 25 Cal.3d 124, 128-129 [158 Cal.Rptr. 1, 599 P.2d

83] [so construing Civ. Code, § 1717]; Saxon *Recovery of attorneys fees by the non-contracting defendant* (1980) 55 State Bar J. 150.)

The judgment confirming the arbitration award as to Kenneth B. Merritt as an individual is reversed. The cause is remanded with directions to dismiss the proceeding as to Merritt pursuant to Code of Civil Procedure section 1287.2, to determine Merritt's reasonable attorney's fees, including fees for this appeal, and to award such fees to Merritt.

Stephens, Acting P. J., and Hastings, J., concurred.