[L. A. No. 25069.   In Bank.   Oct. 31, 1958.]

MOTORES DE MEXICALI, S. A. (a Corporation), Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; ERWIN G. RESNICK et al., Real Parties in Interest.

Utley & Houck and Alden F. Houck for Petitioner.

No appearance for Respondent.

George W. Rochester for Real Parties in Interest.

SPENCE, J.—Petitioner seeks a writ of mandate to compel the respondent court to proceed with the hearing on a petition for an order to show cause why a final judgment, previously entered only against a single defendant, Erbel, Inc., should not be corrected by adding the names of each of the real parties in interest herein as judgment debtors. Respondent court has indicated its intention to dismiss the petition without a hearing on the merits because it believes it lacks jurisdiction to act. The matter has been continued by that court in order to afford petitioner the opportunity to file the petition in this proceeding.

On June 9, 1953, petitioner filed an action in the respondent court to recover the principal and accrued interest due on certain automobile purchase drafts issued in the name of Bi Rite Auto Sales. The complaint named Erbel, Inc., as the sole defendant, and alleged that it was doing business under the fictitious name of Bi Rite Auto Sales. Service was made by delivery of a copy of the summons and complaint to the president of Erbel, Inc., William D. Cowan, one of the real parties in interest here. Neither he nor the other two real parties in interest, Erwin G. Resnick and R. William Cowan, were named as parties or served in their individual capacities. On June 25, 1953, a judgment by default in the amount of $26,900.83, plus interest and costs, was entered against Erbel, Inc., as "a California corporation, individually, and doing business under the fictitious name of Bi Rite Auto Sales." Shortly thereafter, Erbel, Inc., went into bankruptcy and turned over its assets to a trustee in bankruptcy. Petitioner filed a claim based on the default judgment and received $6,383.26 in dividends from the bankrupt estate. In addition, it collected $240.64 through an attachment levied on the used cars and other personal property belonging to Erbel, Inc. The default judgment became final. The unpaid balance on it, amounting to $20,520.29, together with the accrued interest, now exceeds $26,000.

On March 6, 1957, petitioner filed in respondent court a petition for an order to show cause "why the judgment entered . . . on June 25, 1953, should not be corrected by add-

ing thereto the names of Erwin G. Resnick, William D. Cowan and R. William Cowan as judgment debtors. . . .'' In substance the primary allegations of the petition were as follows: Petitioner sold used automobiles to Resnick and the Cowans, and received in payment bank drafts issued in the name of Bi Rite Auto Sales. The drafts were dishonored upon presentation. An immediate search of the public records disclosed that a California corporation known as Erbel, Inc., had filed the fictitious name certificate for Bi Rite Auto Sales. Relying on that certificate, petitioner brought the action on the drafts against Erbel, Inc., and secured the default judgment which subsequently became final. During the course of the bankruptcy proceedings of Erbel, Inc., and another creditor's action (*Automotriz etc. De California* v. *Resnick*, 47 Cal.2d 792 [306 P.2d 1]), it finally discovered that Resnick and the Cowans were actually buying and selling used automobiles under the fictitious name of Bi Rite Auto Sales. The corporation known as Erbel, Inc., was under their full control and management, and was simply being used by them as a means for diverting the revenues of the business to themselves as salaries and loan repayments while at the same time avoiding any personal liability for the obligations of the business. They knew that their financial manipulations would ultimately lead the corporation into bankruptcy. The petition concluded with the assertion that Resnick and the two Cowans operated Erbel, Inc., merely as their *alter ego,* and that they should thus be held individually liable for the debts of the business conducted under the fictitious name of Bi Rite Auto Sales. To accomplish this, it was requested that they be made judgment debtors under the judgment previously entered against Erbel, Inc.

Petitioner now claims that its petition for an order to show cause was an appropriate procedure (see Code Civ. Proc., § 187) for determining whether Resnick and the Cowans were persons who should be bound by the judgment theretofore rendered solely against Erbel, Inc., and that the hearing should have proceeded on the *alter ego* issue thus raised. It cites *Mirabito* v. *San Francisco Dairy Co.*, 8 Cal.App.2d 54 [47 P.2d 530], and *Thomson* v. *L. C. Roney & Co.*, 112 Cal. App.2d 420 [246 P.2d 1017], for the proposition that a trial court has the power to correct its judgment by designating as judgment debtors those persons whom it finds to have used the particular entity named in the original judgment as their *alter ego.*

However, an examination of the facts of those two cases clearly reveals that they are not authority for such a sweeping power. In the Mirabito case, *supra*, the name of the parent company was added, by way of a motion to amend, to a judgment which had been rendered against its subsidiary and which had become final after an appeal. The nature of the relation between the two companies had been explored at the original trial, and on appeal from the resulting judgment, the court concluded that the subsidiary was merely the *alter ego* of the parent company. (*Mirabito* v. *San Francisco Dairy Co.*, 1 Cal.2d 400, 406 [35 P.2d 513].) On the later and separate appeal from an order refusing to vacate the order allowing the amendment, it was held that this procedure was proper as a correction to set forth the name of the real defendant involved. (8 Cal.App.2d at p. 60.) But the parent company had been effectively present throughout the entire litigation, having conducted the defense for its subsidiary through attorneys who represented both companies and having assumed such portion of the legal expenses as exceeded the ability of the subsidiary to pay. (8 Cal.App.2d at p. 59.)

In the other case, *Thomson* v. *L. C. Roney & Co.*, *supra*, 112 Cal.App.2d 420, the name of the dominant corporation was added to a judgment running against a corporation which had previously been dissolved by the former and whose name merely served as the fictitious name for one of the former's operating divisions. This represented an extension of the *Mirabito* case in that the *alter ego* issue was not raised until the filing of the petition for an order to show cause after the original judgment had become final. The court there considered the procedure proper (Code Civ. Proc., § 187) for determining the true name of the defendant. (112 Cal.App.2d at p. 427.) But again, that was a case where the attorneys for both of the corporations were the same, and the litigation was carried through and subsidized by the dominant corporation. The latter was at all times fully aware of the progress of the legal proceedings. (112 Cal.App.2d at p. 429.)

While at first blush the *Mirabito* and *Thomson* cases appear to lean in the direction of sustaining the procedure which petitioner seeks to employ, one fundamental distinction compels the conclusion that such a procedure is inappropriate here. Unlike the corporations added to the judgments in those two cases, Resnick and the Cowans in no way participated in the defense of the basic action against Erbel, Inc. Those three did not have attorneys subsidized by them appear-

ing and defending the action against the corporation now alleged to be their *alter ego*. Instead, the judgment was entered against Erbel, Inc., strictly by default. We therefore conclude that the cited cases are not controlling and that they should not be extended to cover the instant case.

Further, the same facts which serve to distinguish the cited cases also indicate that an amendment to the judgment here to include Resnick and the Cowans would constitute a denial of due process of law. (U.S. Const., 14th Amend.) That constitutional provision guarantees that any person against whom a claim is asserted in a judicial proceeding shall have the opportunity to be heard and to present his defenses. (*Carstens* v. *Pillsbury*, 172 Cal. 572, 577 [158 P. 218]; *Matter of Lambert*, 134 Cal. 626, 633 [66 P. 851, 86 Am.St.Rep. 296, 55 L.R.A. 856]; *McClatchy* v. *Superior Court*, 119 Cal. 413, 420-421 [51 P. 696, 39 L.R.A. 691]; *Moore* v. *California Minerals etc. Corp.*, 115 Cal.App.2d 834, 837 [252 P.2d 1005].) To summarily add Resnick and the Cowans to the judgment heretofore running only against Erbel, Inc., without allowing them to litigate any questions beyond their relation to the allegedly *alter ego* corporation would patently violate this constitutional safeguard. Nor is this difficulty overcome by the suggestion that Resnick and the Cowans should have intervened in the action brought solely against Erbel, Inc., if they desired to assert any personal defenses against the drafts. They were under no duty to appear and defend personally in that action, since no claim had been made against them personally. We therefore conclude that the respondent court properly declined to proceed further on the petition filed in that court.

The alternate writ is discharged and the petition for a peremptory writ of mandate is denied.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., Schauer, J., and McComb, J., concurred.