**MAD DOGG ATHLETICS, INC.**

v.

**NYC HOLDING, et al.**

**No. CV 07–1074–RGK (SHx).**

United States District Court,
C.D. California.

Feb. 20, 2008.

Anthony M. Keats, Konrad Karl Gatien, Keats McFarland & Wilson, Beverly Hills, CA, for Mad Dogg Athletics, Inc.

**Proceedings: (IN CHAMBERS)** PLAINTIFF'S MOTION TO AMEND JUDGMENT (DE 18)

R. GARY KLAUSNER, District Judge.

## I. *INTRODUCTION*

Mad Dogg Athletics, Inc. ("Plaintiff") commenced this action on February 15,

2007, against NYC Holding ("Defendant").[1] Plaintiff alleges the following claims: (1) Cyberpiracy; (2) Federal Trademark Infringement; (3) Federal Unfair Competition and False Designation of Origin; (4) Federal Trademark Dilution; (5) State Statutory Unfair Competition; and (6) Constructive Trust.

The Clerk of the Court entered Defendant's Default on May 4, 2007 and the Court granted Plaintiff's Motion for Entry of Default Judgment ("Judgment") against Defendant on June 19, 2007. The Court ordered Defendant, among other things, to pay Plaintiff $316,549.50 in statutory damages and attorneys' fees and to be permanently enjoined from further infringement of Plaintiff's trademarks.

Plaintiff now seeks to amend the Judgment to add Richard A. Whitney ("Mr.Whitney") as a judgment-debtor. Plaintiff contends that Defendant is the fictitious business entity through which Mr. Whitney trafficked in the infringing domain names that were at issue in the original action. Moreover, Plaintiff alleges that Mr. Whitney is not a separately cognizable legal entity from Defendant, is responsible for Defendant's actions, and should therefore be subject to the Judgment.

## II.  *FACTUAL BACKGROUND*

The following facts were alleged. Plaintiff owns federally registered trademarks, "SPIN" and "SPINNING," in connection with its SPINNING indoor cycling program. Plaintiff's business includes the sale of stationary exercise bicycles sold under its trademarks.

Defendant, NYC Holding, is an unknown business entity, located in New York City, New York, that registered and controls the following website domain names: *spinningclass.com, spinninginstructor.com,* and *spinninginstructors.com* (collectively the "Infringing Websites"). Defendant's SPINNING websites offer cycling products that are not authorized or sponsored by Plaintiff, and include unauthorized links to Plaintiff's official *www. spinning.com* website. Defendant did not respond to cease-and-desist letters from Plaintiff's counsel or to this action.

Following entry of the Judgment, Plaintiff's counsel investigated Defendant's whereabouts after a mailed copy of the Judgment was returned as undeliverable. Counsel discovered Mr. Whitney in the course of that investigation. It was determined that Mr. Whitney registered the post mailing box in Defendant's name and is the billing contact for the Infringing Websites, listed with the domain registrar, eNom, Inc.

On August 19, 2007, Mr. Whitney's wife, Pamela Whitney, was served a copy of the Judgment and an "Agreement to Comply" letter demanding that Mr. Whitney agree to comply with the terms of the Judgment. Mrs. Whitney executed the letter. Mr. Whitney maintains that he was unaware of the matter until the Judgment was served, and denies any association with Defendant.

## III.  *JUDICIAL STANDARD*

Federal Rule of Civil Procedure 69(a) permits post-judgment amendment in order to add a nonparty as a judgment-debtor based on an alter ego theory of liability. Fed.R.Civ.P. 69(a). In particular, Rule 69(a) requires compliance with state law and provides, in pertinent part, that "[t]he procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in

---

1.  d/b/a  *spinningclass.com, spinninginstruc-*  *tor.com* and *spinninginstructors.com*

which the district court is held." *White v. N.H. Dep't of Empl. Sec.*, 455 U.S. 445, 451, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982). *See also In re Levander*, 180 F.3d 1114, 1120 (9th Cir.1999) (stating that Fed. R.Civ.P. 69(a) "empowers federal courts to rely on state law to add judgment-debtors").

In California, liberal post-judgment amendment is permitted in order to identify the correct name of a fictitious entity, and "to protect those dealing with individuals or partnerships doing business under fictitious names." Cal.Bus. & Prof.Code § 17900.

> The plaintiff may request the court at any time, whether before or after judgment, to amend the plaintiff's claim or judgment to include both the correct legal name and the name or names actually used by the defendant. Upon a showing of good cause, the court shall amend the claim or judgment to state the correct legal name of the defendant, and the name or names actually used by the defendant.

Cal.Code Civ. Proc. § 116.560.

■ California courts consider post-judgment amendments, in cases concerning fictitious business entities, as acts similar to corrections of clerical errors. *See Thomson v. L.C. Roney & Co.*, 112 Cal. App.2d 420, 427, 246 P.2d 1017 (1952). Moreover, § 187 of the California Code of Civil Procedure allows courts to amend a judgment to add additional judgment debtors. *In re Levander*, 180 F.3d 1114 at 1121. That authority extends to federal courts sitting in California. *Id.* at 1120–21.

## IV. DISCUSSION

■ Plaintiff has provided sufficient evidence to show good cause for amending the Judgment under Cal.Code Civ. Proc. § 116.560. The eNom domain name registration form and the BIZDirect mailbox application make it clear that Richard Whitney is interchangeable with NYC Holding. Mr. Whitney has not provided any evidence to the contrary. Moreover, Mr. Whitney has admitted that he owns the Infringing Websites, which are still registered with NYC Holding's contact information. Mr. Whitney is therefore legally indistinguishable from NYC Holding.

■ Because Mr. Whitney is legally identical to NYC Holding, his procedural arguments fail. First, this Court has personal jurisdiction over Mr. Whitney for the same reasons that it has personal jurisdiction over NYC Holding—namely, that by trafficking in domain names bearing infringements of the trademarks of a California business, Defendant both purposefully availed itself of the benefits of the forum state and committed a tort directed at, and likely to cause harm in, the forum state of California. *See, e.g., Panavision Int'l v. Toeppen*, 141 F.3d 1316, 1322 (9th Cir.1998) (finding that registering domain names with an intent to commit a tort in the forum state constitutes "purposeful availment" necessary to subject a defendant to personal jurisdiction in the forum state). Moreover, as NYC Holding, Mr. Whitney was properly served with the initial Complaint and Motion for Entry of Default Judgment by Plaintiff, and thus received a full and fair opportunity to defend himself. Finally, because Mr. Whitney had control over the litigation, his procedural arguments are untimely, and they do not overcome Plaintiff's showing of good cause.

Thus, the Judgment shall be amended to add Richard A. Whitney as a judgment-debtor.

## V. CONCLUSION

In light of the foregoing, the Court **grants** Plaintiff's Motion to Amend Judgment.

**IT IS SO ORDERED.**