Filed 3/26/15  Shahedi v. Trimble CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| TONY SHAHEDI,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>CHARLES TRIMBLE,<br><br>     Defendant and Appellant. | H040809<br>(Santa Clara County<br> Super. Ct. No. 1-08-CV-113931) |

Plaintiff Tony Shahedi obtained a default judgment against defendant Trimbco, Inc.  Defendant Charles Trimble appeals the trial court's order amending that default judgment to add Trimble as a judgment debtor as the alter ego of Trimbco, Inc.  Trimble argues the trial court erred because:  amending the default judgment to add him as a judgment debtor violated his Fourteenth Amendment due process rights; Trimble is not the alter ego of Trimbco, Inc.; and Shahedi unreasonably delayed his motion to amend the default judgment.  For the reasons stated here, we will reverse the amended judgment because adding Trimble as a judgment debtor violated due process.

## I.   TRIAL COURT PROCEEDINGS

Shahedi worked for Trimbco, Inc., a California corporation doing business as Sharp Precision Manufacturing (Trimbco).  After Shahedi was injured and then terminated from that company, he filed a complaint in June 2008 alleging, among other things, wrongful termination and disability discrimination.  Shahedi named "TRIMBCO, INC., a California Corporation doing business as SHARP PRECISION

MANUFACTURING, and DOES 1-20" as defendants. Although the complaint identified Trimble as the president of Trimbco and made factual allegations about his conduct as president, the complaint did not make alter ego allegations and Trimble was not named as a defendant in any capacity. The summons and complaint were served that month on "Lon Tran, machinist, apparently in charge" at Trimbco's office as a substitute for Trimble as Trimbco's agent. The trial court entered default at Shahedi's request when no responsive pleading was filed. In April 2009, the court entered default judgment against Trimbco for over $800,000 in damages, based on supporting evidence presented by Shahedi.

More than four years later, Shahedi moved to amend the default judgment in December 2013 to add Trimble as a judgment debtor, arguing that Trimble was the alter ego of Trimbco. Shahedi's supporting memorandum of points and authorities claimed that Trimble was the sole shareholder of Trimbco when the default judgment was entered, that Trimbco had not observed corporate formalities, and that Trimbco was now a suspended corporation. Trimble filed a written opposition, arguing that adding him as a judgment debtor would violate his due process rights and, alternatively, that he was not the alter ego of Trimbco. Trimble did not appear at the court's March 2014 hearing on Shahedi's motion. The court granted Shahedi's motion to amend the default judgment and entered an amended judgment nunc pro tunc adding Trimble as a judgment debtor.

## II.    DISCUSSION

Citing *Motores de Mexicali, S.A. v. Superior Court of Los Angeles County* (1958) 51 Cal.2d 172 (*Motores*) and *NEC Electronics Inc. v. Hurt* (1989) 208 Cal.App.3d 772 (*NEC*),Trimble asserts that amending the default judgment violated his Fourteenth Amendment due process rights. Shahedi does not discuss *Motores* and argues that *NEC* is factually distinguishable. As we agree that *Motores* and *NEC* control the outcome of this appeal, we will discuss them in detail before addressing the parties' contentions.

2

In *Motores*, Motores de Mexicali, S. A. sued Erbel, Inc., doing business as Bi Rite Auto Sales, to recover a debt owed on vehicle purchase drafts issued in the name of Bi Rate Auto Sales. (*Motores, supra,* 51 Cal.2d at p. 173.) When no responsive pleading was filed, the trial court entered default judgment. After failing to recover the amount of the default judgment directly from Erbel, Inc., Motores de Mexicali asked the trial court to amend the default judgment to add three individuals as judgment debtors, alleging that Erbel, Inc. was the alter ego of the three individuals. (*Id.* at pp. 173-174.) On petition to the Supreme Court for writ of mandate after the trial court indicated its intention to deny the requested amendment, the Supreme Court concluded that amending the default judgment to add additional judgment debtors on an alter ego theory would unconstitutionally deprive those individuals of due process. (*Id.* at pp. 175-176.)

The *Motores* court noted the Fourteenth Amendment guarantees a defendant in a judicial proceeding "the opportunity to be heard and to present ... defenses." (*Motores, supra,* 51 Cal.2d at p. 176.) Summary addition of the three individual defendants to the default judgment, "without allowing them to litigate any questions beyond their relation to the allegedly *alter ego* corporation[,] would patently violate this constitutional safeguard." (*Ibid.*) The court distinguished previous court of appeal decisions that had added parent corporations to judgments against their subsidiaries, noting that those parent corporations had actually litigated the cases, whereas in *Motores* the judgment was entered against the corporation "strictly by default." (*Ibid.*) Finally, the court rejected the argument that the individual defendants should have intervened, reasoning that "[t]hey were under no duty to appear and defend personally in that action, since no claim had been made against them personally." (*Ibid.*)

This court applied *Motores* to a request to amend a default judgment to add an alter ego judgment debtor in *NEC, supra,* 208 Cal.App.3d at pp. 778-781. NEC sued the Ph Components corporation to recover on amounts due for goods NEC sold to Ph Components. Ph Components filed a general denial. Before trial, Ph Components

3

informed NEC that it would not appear at trial. NEC proceeded to trial, Ph Components did not appear, and the trial court entered judgment in favor of NEC. After entry of judgment, Ph Components filed a voluntary Chapter 11 bankruptcy petition. NEC then successfully moved to amend the judgment to add the company's sole shareholder and chief executive, Porter Hurt, as a judgment debtor, arguing that Hurt was the alter ego of Ph Components. (*Id.* at pp. 774-776.)

We acknowledged in *NEC* that amending a judgment to add alter ego judgment debtors "is an equitable procedure based on the theory that the court is not amending the judgment to add a new defendant but is merely inserting the correct name of the real defendant." (*NEC, supra,* 208 Cal.App.3d at p. 778, citing Code Civ. Proc., § 187.) We noted, however, that in *Motores* the Supreme Court found constitutional due process protections make such amendments improper when judgment is by default. Like the defendant corporation in *Motores*, Ph Components did not appear at trial and made no attempt to defend the lawsuit. As a consequence, Hurt's interests were not represented. (*NEC,* at pp. 779-780.) Having been sued only as a corporation and on the verge of bankruptcy, Ph Components had no incentive to defend the NEC lawsuit. Because the interests and exposure of that corporation and Hurt were not the same, Hurt did not have "occasion to conduct the litigation with a diligence corresponding to the risk of personal liability that was involved ... ." (*Id.* at p. 781.)

We review the trial court's decision amending the judgment to add Trimble as a judgment debtor for an abuse of discretion and review factual findings necessary to that decision for substantial evidence. (*Carolina Casualty Ins. Co. v. L.M. Ross Law Group, LLP* (2012) 212 Cal.App.4th 1181, 1189.) Applying that standard, the amended judgment adding Trimble as a judgment debtor must be reversed. Though Trimble received notice via the summons and complaint that Shahedi was suing *Trimbco*, that complaint did not name Trimble as a defendant (either as an individual or as the alter ego of Trimbco). Because Trimbco defaulted, Trimble did not present any defenses to

4

personal liability he might have had. As in *Motores, supra,* 51 Cal.2d at p. 176, the trial court's addition of Trimble as a judgment debtor without litigating any questions beyond his relation to the alleged alter ego corporation violated Trimble's constitutional right to due process. Shahedi does not discuss (or even mention) *Motores*, much less explain how we can overlook binding authority from the Supreme Court. (See *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455 ["Courts exercising inferior jurisdiction must accept the law declared by courts of superior jurisdiction"].) Because there was insufficient evidence to support the trial court's implied finding that Trimble had an opportunity to litigate his personal liability in the action between Shahedi and Trimbco, its decision to amend the default judgment was an abuse of discretion.

Shahedi's arguments supporting the trial court's decision are unpersuasive. Shahedi paraphrases *Dow Jones Co. v. Avenel* (1984) 151 Cal.App.3d 144, 150 (*Dow Jones*), arguing that "while Trimble may not have been technically given the opportunity to convince the trial court that he had a defense to the respondent's action, he was able to do so through the vehicle of Trimbco, Inc., had he chosen to do so." However, *Dow Jones* is distinguishable because, unlike *Motores*, *NEC*, and this case, in *Dow Jones* the corporate defendant actually litigated the case through summary judgment. (See *Dow Jones,* at p. 150.) The *NEC* court noted that distinction, explaining that the underlying action in *Dow Jones* was "contested and therefore the alter ego's interests were effectively represented by the defense presented by the corporate defendant." (*NEC, supra,* 208 Cal.App.3d at p. 780.) Consistent with *NEC*, we find the reasoning of *Dow Jones* inapplicable here because, as we have explained, by virtue of the default judgment Trimble's interests were not effectively represented.

Shahedi also cites *Mad Dogg Ath., Inc. v. NYC Holding* (2008) 565 F.Supp.2d 1127, arguing that the federal district court applying California law added an alleged alter ego to a default judgment against a corporate defendant. Apart from being a non-binding district court decision (*Elliott v. Albright* (1989) 209 Cal.App.3d 1028, 1034), that

5

decision does not discuss *Motores* or *NEC*, suggesting that the due process issue was not raised in that case.  (*Palmer v. GTE California, Inc.* (2003) 30 Cal.4th 1265, 1278 [noting opinions are not authority for propositions not considered therein].)  Further, to the extent resort to federal authorities is useful, Trimble correctly notes that the Ninth Circuit has applied *NEC* to reverse the addition of an alter ego judgment debtor in a factual scenario similar to the one at issue here, stating that "[w]e believe that *NEC* represents the law that the California Supreme Court would apply if faced with this issue, and we therefore follow it."  (*Katzir's Floor and Home Design, Inc. v. M-MLS.com* (2004) 394 F.3d 1143, 1150 [district court's addition of individual alter ego defendant to a default judgment against a corporation reversed where the individual was not named personally in the complaint, finding individual had no personal duty to defend the litigation].)

Finally, Shahedi claims *NEC* is factually distinguishable because "[a]pparently, the corporate defendant believed it had a defense to [NEC's] action but chose to forgo it as it planned to file a Chapter 11 bankruptcy proceeding."  (Citing *NEC, supra,* 208 Cal.App.3d at p. 780.)  Shahedi argues Trimble has not identified any defense he or Trimbco might have had to his wrongful termination suit.  But the opinion in *NEC* contains only a passing reference "that Ph believed it had a defense to the NEC action" (*NEC,* at p. 780), without describing what it was or whether it may have also been available to Hurt.  *Motores* controlled the result in *NEC* not because of the existence of a particular unasserted defense but simply because the alleged alter ego's interests were not represented in the underlying action.  (*NEC,* at p. 780.)  Even where there is no apparent difference in interests between the corporation and the alleged alter ego individual, under *Motores* adding an alter ego judgment debtor to a default judgment is inconsistent with basic notions of due process.  (*Motores, supra,* 51 Cal.2d at p. 176.)

### III.   DISPOSITION

The amended judgment is reversed.  The trial court is instructed to enter a new default judgment consistent with the original default judgment entered in April 2009.

_____

Grover, J.

**WE CONCUR:**


_____

Bamattre-Manoukian, Acting P.J.


_____

Mihara, J.