Filed 1/27/23  Jiang v. Tseng CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| ZHI CAI JIANG, Plaintiff and Respondent, v. WEI CHIEH TSENG, Defendant and Appellant. | A164882 (Alameda County Super. Ct. No. RG16807600) |

Wei Chieh Tseng appeals from an order adding him as a judgment debtor to a default judgment previously entered against a corporation.  We agree with Tseng that the amended judgment violates his due process rights and is not supported by substantial evidence.  Accordingly, we reverse.

### BACKGROUND

#### A.

Zhi Cai Jiang was employed by a restaurant known as England Rose Garden beginning in late 2013.  Jiang's employment ended, in April 2015, when he was punched by a coworker and told by Tseng not to call police.

Almost a year later, Jiang filed a lawsuit against England Rose House, Inc. (England Rose), which included causes of action for financial elder abuse, wrongful termination, intentional infliction of emotional distress, and unfair competition (Bus. &

1

Prof. Code, § 17200 et seq.), as well as claims for violations of Labor Code provisions that require accurate record keeping (Lab. Code, § 226), overtime pay (*id.*, § 510, subd. (a)), and rest periods (*id.*, § 226.7).

Initially, England Rose was represented by counsel and answered Jiang's complaint. However, England Rose later exhausted its assets, its counsel withdrew, and it became unrepresented. England Rose's answer was stricken, its default was entered, and, in September 2019, the trial court entered judgment for Jiang, in the amount of $245,918, against England Rose. (See *Merco Constr. Engineers, Inc. v. Municipal Court* (1978) 21 Cal.3d 724, 729-730 [corporation can only appear through counsel].)

**B.**

Two years later, Jiang filed a motion to amend the judgment by adding Tseng as an additional judgment debtor. Jiang argued that Tseng was England Rose's alter ego, that Tseng controlled the litigation against England Rose, and that amendment was necessary to avoid injustice.

In support of his motion, Jiang submitted his own declaration and a declaration from his counsel, Ming Ji. Jiang's declaration recounted that Tseng exercised exclusive control over England Rose during Jiang's employment and admitted being its owner. Jiang also stated that Tseng personally paid him in cash. Jiang stated that Tseng "appeared as the owner and officer of [England Rose]" in the underlying litigation. Jiang's declaration also noted that, after entry of the judgment, he learned (from his attorney) that England Rose had been dissolved in December 2013.

Ji's declaration attached a copy of England Rose's certificate of dissolution, which showed that Tseng signed the certificate, as its sole director, and assumed England Rose's

2

known debts and liabilities at dissolution. Ji's declaration also provided evidence that Tseng was England Rose's sole shareholder, and that he served, for the duration of England Rose's existence, as its sole director, chief executive officer, chief financial officer, secretary, and agent for service of process.

Tseng opposed Jiang's motion to amend, contending that it would violate his due process rights to add him as a judgment debtor because Jiang's complaint did not name him as a defendant or allow him to fully litigate any claims with diligence corresponding to the risk of personal liability. Tseng also argued that Jiang's motion was not supported by admissible evidence that Tseng was either England Rose's alter ego or an active participant in England Rose's defense. Tseng's accompanying declaration stated that he was "not an owner or shareholder of defendant [England Rose] in the action" and that he was not aware of any of Tseng's claims against England Rose or himself personally when he signed its certificate of dissolution. Tseng also filed evidentiary objections to portions of Jiang's and Ji's declarations

## C.

After hearing oral argument, the trial court granted the motion. The trial court found Tseng to be England Rose's alter ego and supported its finding by citing the evidence that Tseng was England Rose's sole shareholder and director. The court further found that Tseng "had an opportunity to present a substantive defense" and controlled the litigation on England Rose's behalf before the default judgment was entered, and that "interests of fairness" were served by amending the default judgment because Tseng was England Rose's sole shareholder and it was Tseng who retained England Rose's counsel. The court explained, "If [England Rose's] counsel had not breached their legal duty to refrain from appearing to represent a

3

[dissolved] corporation," Jiang would have had an opportunity to amend his complaint before the entry of judgement.

Accordingly, the trial court entered an amended judgment that included Tseng as a judgment debtor who was jointly and severally liable for the full amount of the judgment.

## DISCUSSION

### A.

We agree with Tseng that his due process rights were violated by the court's order adding him as a judgment debtor. There is no substantial evidence to support the court's finding that he controlled the litigation against England Rose.

### 1.

Pursuant to Code of Civil Procedure section 187,[1] a trial court has jurisdiction to modify a judgment to add additional judgment debtors, usually when a person or entity is the successor or alter ego of the original judgment debtor. (*McClellan v. Northridge Park Townhome Owners Assn*. (2001) 89 Cal.App.4th 746, 752, 753-754.) We generally review a trial court's decision to modify the judgment for abuse of discretion. The trial court's factual findings are reviewed for substantial evidence. (*Wolf Metals Inc. v. Rand Pacific Sales Inc*. (2016) 4 Cal.App.5th 698, 703 (*Wolf Metals*).)

However, our Supreme Court has recognized that the use of section 187 to add alter ego judgment debtors raises due process concerns in default judgment situations. (*Motores de Mexicali, S.A. v. Superior Court of Los Angeles County* (1958) 51 Cal.2d 172, 175-176 (*Motores*).) Accordingly, to prevail on a motion to amend under section 187 and overcome any due process concerns, "the judgment creditor must show, by a preponderance of the

___

[1] Undesignated statutory references are to the Code of Civil Procedure.

4

evidence, that '(1) the parties to be added as judgment debtors had control of the underlying litigation and were virtually represented in that proceeding; (2) there is such a unity of interest and ownership that the separate personalities of the entity and the owners no longer exist; and (3) an inequitable result will follow if the acts are treated as those of the entity alone.' " (*Highland Springs Conference & Training Center v. City of Banning* (2016) 244 Cal.App.4th 267, 280; accord, *Greenspan v. LADT LLC* (2010) 191 Cal.App.4th 486, 509.)

" 'Control of the litigation sufficient to overcome due process objections may consist of a combination of factors, usually including the financing of the litigation, the hiring of attorneys, and control over the course of the litigation.' [Citation.] Clearly, some active defense of the underlying claim is contemplated." (*NEC Electronics Inc. v. Hurt* (1989) 208 Cal.App.3d 772, 781 (*NEC Electronics*).)

**2.**

In *Motores, supra,* 51 Cal.2d 172, our Supreme Court held that individual owners who were not named as defendants in the litigation against a corporation could not be added to a default judgment taken against the corporation. (*Id*. at pp. 173-176.) In that case, no answer was filed, there was no evidence that the individuals subsidized counsel to appear and defend the corporate defendant, and default judgment was entered 16 days after the complaint was filed. (*Ibid*.) *Motores* observed: "[Due process] guarantees that any person against whom a claim is asserted in a judicial proceeding shall have the opportunity to be heard and to present his defenses. [Citations.] To summarily add [the individual owners] to the judgment heretofore running only against [the corporation], without allowing them to litigate any questions beyond their relation to the allegedly alter ego corporation would patently violate this constitutional safeguard." (*Id*. at p. 176, italics omitted.)

5

After *Motores*, courts of appeal have extended its reasoning and rejected amendments on due process grounds where the corporate defendant filed an answer but otherwise failed to offer any substantive defense in the underlying litigation. (See *Wolf Metals, supra,* 4 Cal.App.5th at pp. 701-702, 708-709 & fn. 4 [default judgment entered when answer stricken after corporation's counsel repeatedly failed to attend hearings]; *NEC Electronics, supra,* 208 Cal.App.3d at pp. 775-776, 780-781 [judgment entered after corporate defendant failed to appear for trial at which plaintiff presented uncontested evidence].) When there are no further proceedings after the filing of an answer, there is simply no defense for the alleged alter ego to control. (*Wolf Metals,* at pp. 708-709; *NEC Electronics,* at p. 781.)

This case is indistinguishable from *NEC Electronics* and *Wolf Metals*. Although Tseng was apparently aware of and involved in the litigation against England Rose, he was not named as a defendant in the suit and thus had no duty to personally defend the action. (*Motores, supra*, 51 Cal.2d at p. 176.) Other than making a conclusory statement that Tseng "appeared as the owner and officer of defendant [England Rose]" in the litigation, Jiang did not present any evidence detailing Tseng's involvement in contesting England Rose's liability. In fact, the record shows only that there was no defense. England Rose filed an answer but the judgment resulted from its default.

Here, just as in *Motores, NEC Electronics*, and *Wolf Metals*, there is no substantial evidence to support the trial court's finding that Tseng controlled the litigation against England Rose and was virtually represented therein. Accordingly, we must reverse the order adding Tseng as a judgment debtor. We need not reach the parties' additional arguments.

6

**DISPOSITION**

Both the amended judgment and the trial court's order adding Tseng as an additional judgment debtor are reversed. Tseng is entitled to his costs on appeal. (Cal. Rules of Court, rule 8.278(a)(2).)

_____
BURNS, J.

We concur:

_____
SIMONS, ACTING P.J.

_____
WISEMAN, J.*

A164882

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.